UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
CINCINATTI DIVISION

| | |
|---|---|
| TARA C. POWELL, <br><br> Plaintiff, <br><br> v. <br><br> WOLFGANG STUART, LTD, <br><br> Defendant. | Case No. 1:23-cv-00334 |

## COMPLAINT

**NOW COMES** Tara C. Powell ("Plaintiff"), by and through her undersigned counsel, complaining as to the conduct of Wolfgang Stuart, LTD ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Credit Repair Organizations Act ("CROA") under 15 U.S.C. § 1679 *et seq*., and the Ohio Credit Services Organizations Act ("OCSOA") under O.R.C. § 4712.01 *et seq*., for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the CROA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Southern District of Ohio, Defendant conducts business in the Southern District of Ohio, and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Ohio.

1

**PARTIES**

4. Plaintiff is a consumer over 18-years-of-age who, resides in Cincinnati, Ohio.

5. Defendant is a credit repair organization that claims to help clients boost their credit to get approved for a mortgage, a new car or increase their limits on credit cards."[1] Defendant is organized under the laws of the state of Montana that maintains its principal place of business at 1215 24th Street West, Suite 125, Billings, Montana, 59102.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. In early 2022, Plaintiff was in the process of buying a house and needed to address her bankruptcy filing that was negatively affecting her credit score, and so began searching for credit repair programs to assist in her efforts.

8. Shortly thereafter, Plaintiff was referred to Defendant's website and set up a time to discuss her credit reporting issues with Defendant's representative.

9. Plaintiff explained to Defendant the nature of the bankruptcy, and Defendant promised that it could enroll her debts, including her bankruptcy, in its program and would be able to remove the bankruptcy and clean up her credit report within three (3) months.

10. Specifically, Defendant promised that her credit score would be high enough for her to be able to finance and purchase a home.

---

[1] https://wolfgangstuart.com/credit-repair-process/ (last visited: April 2023).

11. Plaintiff, finding desirable Defendant's promises to assist in Plaintiff's efforts to increase her credit scores, agreed to utilize Defendant's services and entered into a contract with Defendant for the provision of the same.

12. Plaintiff detrimentally relied on Defendant's promise.

13. Over the course of over four (4) months utilizing Defendant's program, Plaintiff faithfully made her payments to Defendant.

14. Specifically, Plaintiff paid $105 a month, totaling no less than $525 to Defendant for as long as Plaintiff was enrolled into its program.

15. During that time frame, Defendant largely failed to perform the represented services for Plaintiff, let alone achieve the benefits or results that it represented it would achieve for Plaintiff.

16. Specifically, despite Plaintiff making consistent payments to Defendant, Defendant did not resolve or repair the bankruptcy reporting or any other accounts for Plaintiff.

17. Moreover, upon information and belief, a significant sum was used from her account with Defendant just to pay itself.

18. Upon information and belief, rather than apply Plaintiff's payments to resolving obligations, Defendant instead caused Plaintiff to be charged for various services and other related fees before performing, or fully performing, the services justifying Defendant's retention of such fees.

19. Plaintiff was informed that the subject accounts were being taken care of and were actively being negotiated.

20. Some of Plaintiff's accounts were removed from her credit reports, only to show back up again. Even though Plaintiff notified Defendant of the accounts showing back up on her credit reports, it refused to work with her to get them removed permanently.

21. Defendant's refusal to assist Plaintiff represents the deceptive nature of Defendant's representations that it will work with its customers to resolve debts with problematic creditors and bankruptcies.

22. Upon further information and belief, Defendant knowingly informs consumers that they can resolve their debts, despite similarly knowing it would be unable to achieve those represented results, in particular considering the nature of the debts which were enrolled in its credit repair program.

23. Moreover, the contract between Plaintiff and Defendant fails to include the information and disclosures Defendant was required to provide to Plaintiff under federal and state law.

24. At no point did Defendant provide Plaintiff any of the disclosures required by federal and state law.

25. Defendant's failure to provide Plaintiff the relevant information and disclosures inhibited Plaintiff's ability to chart an intelligent course of conduct in connection with her dealings with Defendant.

26. Upon realizing the nature of Defendant's scheme and the full extent of its misrepresentations, Plaintiff contacted Defendant to address to Defendant's conduct.

27. Frustrated, distressed, and concerned over Defendant's conduct, Plaintiff spoke with the undersigned counsel regarding her rights.

28. Plaintiff have suffered concrete harm as a result of Defendant's actions, including but not limited to, emotional distress, aggravation, mental anguish, pecuniary loss stemming from the payments made to Defendant for deficient credit repair services, incurrence of inappropriate court fees, as well as numerous violations of his state and federally protected interests to be free from deceptive and misleading conduct on the part of purported credit repair organizations.

### COUNT I – VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT

29. Plaintiff repeats and realleges paragraphs 1 through 28 as though fully set forth herein.

30. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1679a(1) of the CROA.

31. Defendant is a "credit repair organization" as defined by §1679a(3) of the CROA, as it is a person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of improving a consumer's credit, credit history, or credit rating, or providing assistance to any consumer with regard to any activity or service for the purpose of improving a consumer's credit.

    a. **Violations of CROA § 1679b(a)**

32. The CROA, pursuant to 15 U.S.C. § 1679b(a)(3) prohibits any person from "mak[ing] or us[ing] any untrue or misleading representation of the services of the credit repair organization." Additionally, pursuant to 15 U.S.C. § 1679b(a)(4), any person is prohibited from "engag[ing], directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization."

33. Defendant violated the above referenced provisions of the CROA through its misrepresentations and deception as to the nature of the credit repair services it could provide Plaintiff. Defendant advised that it would be able to (1) remove her bankruptcy, (2) clean up her credit report, and (3) increase her credit score. Defendant temporarily assisted Plaintiff with removing items off of her credit report, but refused to help when those items showed up again, underscoring the deceptive and misleading nature of Defendant's conduct.

34. Defendant further acted deceptively when it suggested to Plaintiff that her funds being paid to Defendant monthly would be used to negotiate settlements to his creditors. Such funds were clearly not being used, and Defendant simply failed to do its job.

    **b.    Violations of CROA § 1679b(b)**

35. The CROA, pursuant to 15 U.S.C. § 1679b(b), provides that "[n]o credit repair organization may charge or receive any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed."

36. Defendant violated § 1679b(b) through its charging and receiving of money for services agreed to perform before such services are fully performed. Defendant's practice of charging a retainer for services upfront, before such services is performed, is inherently in violation of the CROA. Defendant similarly withheld sums for credit repair services it never actually performed.

    **c.    Violation of CROA § 1679c**

37. The CROA provides that a credit repair organization must provide consumers with certain written disclosures in the contract underpinning the provision of credit repair services to consumer. Pursuant to 15 U.S.C. § 1679c(b), "the written statement required under this section

6

shall be provided as a document which is separate from any written contract or other agreement between the credit repair organization and the consumer or any other written material provided to the consumer."

38. Defendant violated 15 U.S.C. §§ 1679c(a)-(b) through its failure to provide the written disclosures required under § 1679c. Defendant never provided such disclosures, nor did it provide a separate document containing such disclosures

**WHEREFORE**, Plaintiff, TARA POWELL, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff actual damages to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(1);

c. Awarding Plaintiff punitive damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(2)(A);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1679g(a)(3); and

e. Awarding any other relief as the Arbitrator deems just and appropriate.

### COUNT II – VIOLATIONS OF THE OHIO CREDIT SERVICES ORGANIZATION ACT

39. Plaintiff restates and realleges paragraphs 1 through 38 as though fully set forth herein.

40. Plaintiff is a "buyer" as defined by O.R.C. § 4712.01(A).

41. Defendant is a "credit services organization" as defined by O.R.C. § 4712.01(C)(1).

    **a. Violations of O.R.C. § 4712.07**

42. The OCSOA, pursuant to O.R.C. § 4712.07, outlines a number of prohibited practices for credit service organizations.

43. The OCSOA, pursuant to O.R.C. § 4712.07(C), provides that a CSO cannot "[m]ake or use a false or misleading representation in the offer or sale of the services of the organization." Pursuant to O.R.C. § 4712.07(D), a CSO cannot "[e]ngage, directly or indirectly in an unconscionable, unfair, or deceptive act or practice . . . in connection with the offer or sale of the services of a credit services organization." Similarly, pursuant to O.R.C. § 4712.07(L), a CSO cannot "[e]ngage, directly or indirectly, in any fraudulent or deceptive act, practice, or course of business in connection with the offer or sale of the services of a credit services organization.

44. Defendant violated the above portions of the OCSOA in much the same way it violated 15 U.S.C. §§ 1679b(a)(3)-(4).

45. As alleged above, Plaintiff was harmed by Defendant's actions.

**WHEREFORE**, Plaintiff, TARA POWELL, respectfully requests that this Honorable Court enter judgment in her favor as follows:

  a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

  b. Awarding Plaintiff actual damages pursuant to O.R.C. § 4712.10(A);

  c. Awarding Plaintiff punitive damages pursuant to O.R.C. § 4712.10(A);

  d. Enjoin Defendant from further violations of law;

  e. Awarding Plaintiff's costs and reasonable attorney fees, pursuant to O.R.C. § 4712.10(A); and,

  f. Awarding any other relief this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: May 31, 2023

Respectfully submitted,

*s/ Chad W. Eisenback*
Chad W. Eisenback, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Ave.,
Suite 200
Lombard, Illinois 60148
(630) 575-8181 (phone)
ceisenback@Sulaimanlaw.com