IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TARA C. POWELL, | : |
| *Plaintiff*, | : Case No. 1:23-cv-334 |
| vs. | : Judge Jeffery P. Hopkins |
| WOLFGANG STUART, LTD, | : |
| *Defendant*. | : |

# ORDER[1]

Plaintiff Tara Powell is now before the Court requesting that default judgment be entered against Defendant Wolfgang Stuart, Ltd. Doc. 9. For default judgment to be entered by a district court, the court must be satisfied that it possesses *both* subject matter and personal jurisdiction over the nonresponsive party. *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case."); *Citizens Bank v. Parnes*, 376 F. App'x 496, 501 (6th Cir. 2010) ("Personal jurisdiction over a defendant is a threshold issue that must be present to support any subsequent order of the district court, including entry of the default judgment."); *Kuhlman v. McDonnell*, No. 1:20-cv-510, 2022 WL 407240, at *2 (S.D. Ohio Feb. 10, 2022). The plaintiff bears the burden of establishing that jurisdiction exists. *Mich. Nat'l Bank v. Quality Dinette, Inc.*, 888 F.2d 462, 466 (6th Cir. 1989). Then, if and only if the jurisdictional prerequisite is met, the court will weigh the factors articulated by the Sixth

---

[1] The Court notes that on November 16, 2023, the Clerk's Office issued a Notice of Non-Compliance with S.D. Ohio Civ. R. 5.1(c). *See* Doc. 10. Plaintiff was directed to refile her Motion for Default Judgment as a text searchable document within 24-hours. *Id.* She failed to do so.

Circuit in *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002). Those factors are:

> (1) possible prejudice to the plaintiff; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) possible disputed material facts; (6) whether the default was due to excusable neglect; and (7) the preference for decisions on the merits.

*See also Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).

Here, subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1367 because Plaintiff has asserted a claim under the Credit Repair Organization Act ("CROA"), 15 U.S.C. § 1679, *et seq.* Compl., Doc. 1, ¶ 29–38. Plaintiff's claim under the Ohio Credit Services Organizations Act ("OCSOA"), O.R.C. § 4712.02, *et. seq.* relates to her federal claim such that this claim forms part of the same case or controversy, rendering it appropriate for the Court to exercise supplemental jurisdiction over that claim. *Id.* ¶ 39–45.

Turning to personal jurisdiction, because subject-matter jurisdiction is based on a federal question, this Court may exercise personal jurisdiction over Defendant only if it is "both authorized by the forum State's long-arm statute and in accordance with the Due Process Clause of the Fourteenth Amendment." *AlixPartners, LLP v. Brewington*, 836 F.3d 543, 549 (6th Cir. 2016) (citation omitted). Even construing Plaintiff's complaint allegations as true—as the Court must at this stage—Plaintiff has failed to allege sufficient facts that show Defendant took any acts in or directed toward Ohio that would subject it to specific jurisdiction here. *AmaTech Grp. Ltd. v. Fed. Card. Servs., LLC*, No. 1:21-cv-406, 2024 WL 4866420, at *4 (S.D. Ohio Nov. 22, 2024). Plaintiff alleges that she resides in Ohio and that Defendant is organized under the laws of, and has its principal place of business in, the state of Montana. Compl., Doc. 1, ¶ 5. She further alleges that Defendant conducts business in Ohio, and that a substantial portion of the events or omissions giving rise to the claims

occurred in the Ohio. *Id.* ¶ 3. But these generic facts do not establish Defendant's contacts with Ohio. The most that the Court can gather from her remaining allegations is that Plaintiff, an Ohio resident, found Defendant through its website and then entered into a contract with Defendant for the provision of credit repair services. *Id.* ¶ 8, 11. Because these facts are not enough to establish personal jurisdiction, Plaintiff's Motion for Default Judgment (Doc. 9) is **DENIED WITHOUT PREJUDICE**. Plaintiff may renew her motion, but she must present sufficient evidence to show that this Court has personal jurisdiction over Defendant.

**IT IS SO ORDERED.**

March 31, 2025

Jeffery P. Hopkins
United States District Judge